IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MECHATRONIC TECHNIQUES, INC., <br> TED COX, and BRENT MCMILLAN, <br> *Plaintiffs*, <br><br> v. <br><br> SONG JIN-IL, JOON HO, KEVIN LEE, <br> FASTECH CO LTD, <br> *Defendants.* | § § § § § § § § § § | Case No. 4:13-cv-127 |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are Defendants' Motions to Dismiss (Dkts. 7, 8), Plaintiffs' Response (Dkt. 11). On May 14, 2014, Plaintiffs filed an Amended Complaint (Dkt. 23). The Court recommends that Defendant Kevin Lee's Motion (Dkt. 8) be **GRANTED** and that Defendant Joon Ho's Motion (Dkt. 7) be **DENIED**.

I. BACKGROUND

Mechatronic Techniques, Inc. is owned by Ted Cox and Brent McMillan. Defendant Song Jin-Il is the president of Fastech, Ltd., a Korean company. Mechatronic entered into a Manufacturers Representation Agreement with Fastech Co., Ltd. Together, Mechatronic and Fastech Co., Ltd. formed Fastech America, a Texas limited liability company. Cox and McMillan were each given a ten percent interest in Fastech America and Song held an eighty percent interest in Fastech America. Plaintiffs were to serve as Fastech Co., Ltd.'s exclusive sales representatives in certain U.S. states. Song agreed to capitalize Fastech America with three quarterly capital infusions. Plaintiffs allege that initial funding was provided as agreed, but that Fastech Co., Ltd. never provided any additional funding. Plaintiffs claim that instead Fastech Co., Ltd. established a separate office in a different United States location to compete directly

with Fastech America and is taking Fastech America's proprietary customer information to do so. Plaintiffs have alleged claims for (1) anticipatory breach of contract; (2) shareholder oppression; (3) fraud in the inducement; and (4) derivative action on behalf of Fastech America. Defendants Joon Ho and Kevin Lee move the court to dismiss the claims against them arguing that this court lacks personal jurisdiction over them.

## II. LEGAL STANDARD

A federal court's jurisdiction extends over a non-resident defendant to the extent permitted by state law.[1] "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis."[2] "Federal due process requires a plaintiff to prove: (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[3] "There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction."[4] General jurisdiction exists when the defendant has had "continuous and systematic" contact with the forum state.[5] Specific personal jurisdiction is appropriate when the controversy is "related to or arises out of the defendants' contacts with the forum."[6] "The analysis of specific jurisdiction may be refined further into a three-part test: (1) Did the defendant have minimum contacts with the forum state—purposely directing its activities toward the forum state or purposely availing itself of the

---

[1] *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 792-93 (5th Cir. 2007).
[2] *Id.*
[3] *Id.* (internal quotation marks omitted).
[4] *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).
[5] *Id.*
[6] *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 624 (5th Cir. 1999) (internal quotation marks omitted).

privilege of conducting activities therein? (2) Did the plaintiffs cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?"[7] "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing . . . the nonmoving party need only make a prima facie showing, and the court must accept as true the nonmover's allegations and resolve all factual disputes in its favor."[8]

### III. ANALYSIS

Plaintiffs' Original Complaint (Dkt. 1) does not allege any misconduct on behalf of Defendants Ho and Lee. Instead, Plaintiffs made detailed allegations in support of their claims only against Defendants Song and Fastech Co., Ltd. Plaintiffs' First Amended Complaint by and large redirects those allegations to include Defendants Ho and Lee and "Defendants" generally. For instance, in support of their claim for anticipatory breach of contract, Plaintiffs amended their allegation that "*Fastech*, through *Song* . . ." to "*Fastech*, through *Defendants*, had decided, after the initial funding, to cease further funding to Fastech America and to establish a sales office in another location in the U.S."[9] Further, Plaintiffs amended "[t]he conduct of *Fastech* and *Song* . . ." to "[t]he conduct of *Defendants* constitutes an anticipatory breach of contract."[10] In support of their claim labeled "Fraud in the Inducement," Plaintiffs amended "*Song* made representations" to "*Defendants* made representations to Cox and McMillan,"[11] and "[w]hen *Song* made these representations . . ." to "[w]hen *Defendants* made these representations, they knew that they were false, or they made them recklessly, as a positive assertion, and without

---

[7] *Id.* at 625 (citing 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1069, at 174 (Supp.1999)).
[8] *Id.*
[9] *Compare* Dkt. 1 ¶ 19 (emphasis added), *with* Dkt. 23 ¶ 20 (emphasis added).
[10] *Compare* Dkt. 1 ¶ 19 (emphasis added), *with* Dkt. 23 ¶ 20 (emphasis added).
[11] *Compare* Dkt. 1 ¶ 26 (emphasis added), *with* Dkt. 23 ¶ 27 (emphasis added).

knowledge of their truth."[12] In support of their claim labeled "Derivative Action," Plaintiffs' First Amended Complaint states that "*Song* has caused damage to the Plaintiffs and Fastech America," that "*Song* controls Fastech America's operations," and that "*Song* has caused Fastech America to abandon this purpose and take the actions stated above in complete disregard of his fiduciary obligation to Fastech America."[13] Plaintiffs add one additional paragraph under this claim, stating that "*Ho* and *Lee*, as officers and directors of Fastech America, have also taken actions in complete disregard of their fiduciary obligations to Fastech America"[14] but do not make any specific allegations against either Ho or Lee.

Defendants Ho and Lee move to dismiss Plaintiffs' complaint against them, arguing that the Court does not have either general or specific personal jurisdiction over them. Defendants claim that they do not have sufficient minimum contacts with Texas to support this Court's exercise of personal jurisdiction. In their supporting affidavits, Defendants Ho and Lee state that the cause of action concerns a dispute between Mechatronics, Cox, McMillan, Fastech Co., Ltd., and Song. Ho and Lee claim that they are merely employees of Fastech Co., Ltd.[15] Plaintiffs respond that the Court does have specific personal jurisdiction over Ho and Lee because they served as officers and directors of Fastech America, a Texas limited liability company, and because their actions in that role directly led to the claims asserted by Plaintiffs in this action.

The Fifth Circuit has held that "it is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations."[16] The only allegations in the First Amended Complaint that relate specifically to Ho and Lee are as follows:

---

[12] *Compare* Dkt. 1 ¶ 29 (emphasis added), *with* Dkt. 23 ¶ 30 (emphasis added).
[13] *Compare* Dkt. 1 ¶ 34-37 (emphasis added), *with* Dkt. 23 ¶ 35-38 (emphasis added).
[14] Dkt. 23 ¶ 39 (emphasis added).
[15] Dkts. 7-1, 8-1.
[16] *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F.App'x 775, 793 (5th Cir. 2007) (citing *Rush v. Savchuk*, 444 U.S. 320, 332-33 (1980)).

- "Song is the President of Fastech America and controls the actions of the other Defendant officers and directors of Fastech America, i.e., Joon Ho Jang – also known as Daniel Jang – and Kevin Lee." Dkt. 23 ¶ 1.

- "Joon Ho Jang and Kevin Lee, as officers and directors of Fastech America, and in furtherance of their relationship with Plaintiff in forming and operating Fastech America, Joon Ho Jang and Kevin Lee each made trips to Texas. Specifically *Joon Ho Jang* was present in Texas numerous times to attend meetings, to train Plaintiffs, and to review business plans. He was also involved in discussing and directing sales strategies and involved in sales representatives meetings." Dkt. 23 ¶ 5 (emphasis added).

- "In furtherance of this agenda, both Joon Ho Jang and Kevin Lee were in Texas in or around late July, 2012 to discuss with Plaintiffs the business plan for Fastech America. At that time, Joon Ho Jang and Kevin Lee – individually and on behalf of Song – ambushed Plaintiffs and voted to discontinue Fastech America's operations. Joon Ho Jang and Kevin Lee then had Plaintiffs physically escorted from their own offices." Dkt. 23 ¶ 7.

- "Defendant, Joon Ho Jang ("Ho") has appeared herein and subjected himself to this Court's jurisdiction." Dkt. 23 ¶ 15.

- ". . . Fastech – though [sic] Song, Ho and Lee – is secretly collecting proprietary customer information . . ." Dkt. 23 ¶ 20.

- "Ho and Lee, as officers and directors of Fastech America, have also taken actions in complete disregard to their fiduciary obligations to Fastech America." Dkt. 23 ¶ 39.

Plaintiffs have failed to allege sufficient factual content to make a *prima facie* showing of specific personal jurisdiction over Defendant Lee. Even construing Plaintiffs' factual allegations related to Lee as true, Plaintiffs have not pleaded any specific factual content or put forth any evidence of specific conduct or statements by Lee that support their claims as alleged in the First Amended Complaint. Plaintiffs have made a *prima facie* showing of specific personal jurisdiction over Ho. With regard to Ho, Plaintiffs add that Ho "was present in Texas numerous times to attend meetings, to train Plaintiffs, and to review business plans" and that Ho "was also involved in discussing and directing sales strategies and involved in sales representatives

meeting."[17] Therefore, the Court recommends that Defendant's Motion to Dismiss (Dkt. 8) be **DENIED** and that Defendant's Motion to Dismiss (Dkt. 7) be **GRANTED**.

## IV. RECOMMENDATION

The Court recommends that Defendant Kevin Lee's Motion (Dkt. 8) be **GRANTED** and that Defendant Joon Ho's Motion (Dkt. 7) be **DENIED**. The Court notes however, that the deadline for amending pleadings in this case does not expire until **September 9, 2014**, giving Plaintiffs time to amend their complaint.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of June, 2014.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[17] Dkt. 23 ¶ 5.